IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SRAM, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ |
| PRAXIS WORKS LLC, | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff SRAM, LLC ("SRAM") and for its Complaint for Patent Infringement against Defendant Praxis Works LLC ("Praxis"), states as follows:

### PARTIES

1. SRAM is a limited liability company organized and existing under Delaware law and has its principal place of business at 1000 West Fulton Market, 4th Floor, Chicago, Illinois 60607.

2. On information and belief, Defendant Praxis is a California limited liability company, with its principal place of business at 207 McPherson Street, Suite E, Santa Cruz, California 95060.

### JURISDICTION AND VENUE

3. This is a civil action brought by SRAM for patent infringement committed by Defendant Praxis and arising under the patent laws of the United States, specifically, Title 35 of the United States Code.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

6. A substantial part of the events giving rise to SRAM's claims occurred in this District.

7. Defendant Praxis may be found and/or resides in this District by virtue of its activities in this District.

8. Directly and/or through intermediaries, Defendant Praxis sells and distributes bicycle components, including bicycle chainrings, in the United States and in this District.

9. More specifically, Defendant Praxis makes, uses, sells, offers for sale, and/or imports into the United States products advertised as direct mount bicycle chainrings with "Wide/Narrow tooth profile for better chain retention," and further described on its website at, for example, https://www.praxiscycles.com/product/direct-mount-3-bolt-interface/, with examples shown below (hereinafter "Praxis Chainring" or "Praxis Chainrings"):



10. The Praxis Chainrings have been sold in, offered for sale in, and/or imported into the United States and/or in this District by Defendant Praxis or an authorized agent thereof.

11. Defendant Praxis's bicycle components, such as the Praxis Chainrings, are available for purchase or offered for sale at bicycle shops and stores in the United States and in this District.

12. Defendant Praxis advertises its bicycle components, such as the Praxis Chainrings, in the United States and in this District.

13. Defendant Praxis's bicycle components, such as the Praxis Chainrings, are placed on bicycles in the United States and in this District.

14. Defendant Praxis's bicycle components, such as the Praxis Chainrings, are intended to operate as advertised on Defendant Praxis's website (www.praxiscycles.com) and as described in its associated marketing materials.

15. Defendant Praxis has committed acts of patent infringement in this District.

16. Defendant Praxis, directly and/or through intermediaries, has for a time past and still is purposefully shipping, selling, and/or offering for sale, whether alone or as part of an end product, the Praxis Chainrings in the United States and the State of Illinois, and, more specifically, in this judicial district in competition with SRAM's products.

## BACKGROUND

17. United States Patent No. 9,182,027 B2 ("the '027 patent") issued on November 10, 2015, bearing the title "CHAINRING" and naming Markus Reiter, Raymond Florczyk, and Henrik Braedt as inventors. A copy of the '027 patent is attached hereto as Exhibit A.

18. SRAM is the owner by assignment of all right, title and interest in and to the '027 patent and has full and exclusive right to bring suit and enforce the '027 patent and to collect damages for infringement. SRAM thus has standing to sue for infringement of the '027 patent.

19. The '027 patent claims the invention of a bicycle chainring having particular features, as set forth in columns 6 through 10 of the '027 patent.

20. The Praxis Chainring is a bicycle chainring for engagement with a drive chain.

21. The Praxis Chainring has a plurality of teeth formed about a periphery of the chainring.

22. The plurality of teeth of the Praxis Chainring includes a first group of teeth and a second group of teeth.

23. Each of the first group of teeth of the Praxis Chainring is wider than each of the second group of teeth of the Praxis Chainring.

24. At least some of the second group of teeth of the Praxis Chainring are arranged alternatingly and adjacently between the first group of teeth of the Praxis Chainring.

25. Each of the plurality of teeth of the Praxis Chainring includes a tooth tip.

26. A plane bisects the Praxis Chainring into an outboard side and an inboard side opposite the outboard side.

27. At least the majority of the tooth tip of at least one of each of the first and second groups of teeth of the Praxis Chainring is offset from the plane in a direction toward the inboard side of the Praxis Chainring.

28. The center of a top land of at least one of each of the first and second groups of teeth of the Praxis Chainring is offset from the plane in a direction toward the inboard side of the Praxis Chainring.

29. The Praxis Chainring can engage with a roller drive chain having alternating outer and inner chain links defining outer and inner link spaces, respectively.

30. Each of the first group of teeth of the Praxis Chainring is sized and shaped to fit within one of the outer link spaces of the roller drive chain.

31. Each of the second group of teeth of the Praxis Chainring is sized and shaped to fit within one of the inner link spaces of the roller drive chain.

32. Each of the first group of teeth of the Praxis Chainring fills at least 75 percent of an axial distance defined by the outer link spaces of the roller drive chain.

33. Each of the second group of teeth of the Praxis Chainring fills at least 75 percent of an axial distance defined by the inner link spaces of the roller drive chain.

34. The Praxis Chainring can be part of a bicycle crankset, such that the crankset includes a crank arm and a solitary bicycle chainring (namely the Praxis Chainring) attached to the crank arm.

35. The Praxis Chainring can be part of a bicycle drivetrain, such that the drivetrain includes a plurality of rear hub mounted sprockets, a roller drive chain connecting one of the plurality of sprockets to the Praxis Chainring, and the drive chain includes alternating outer and inner chain links defining outer and inner link spaces, respectively.

36. The Praxis Chainring includes an outboard side and an inboard side opposite the outboard side.

37. The outboard side of the Praxis Chainring includes an outboard side surface.

38. A portion of the outboard side surface of the outboard side of the Praxis Chainring forms a plane.

39. The inboard side of the Praxis Chainring includes an inboard side surface.

40. A portion of the inboard side surface of the Praxis Chainring forms a plane.

41. At least a majority of the tooth tip of at least one of each of the first and second groups of teeth of the Praxis Chainring is disposed closer to the plane formed by the inboard side surface of the Praxis Chainring than to the plane formed by the outboard side surface of the Praxis Chainring.

42. The center of a top land of at least one of each of the first and second groups of teeth of the Praxis Chainring is disposed closer to the plane formed by the inboard side surface of the Praxis Chainring than to the plane formed by the outboard side surface of the Praxis Chainring.

43. The outboard side of the Praxis Chainring can be the outermost side of the chainring and the inboard side of the Praxis Chainring can be the innermost side of the chainring.

44. Defendant Praxis makes bicycle chainrings, including the Praxis Chainrings identified above, to persons for use in the United States.

45. Defendant Praxis uses bicycle chainrings, including the Praxis Chainrings identified above, to persons for use in the United States.

46. Defendant Praxis sells bicycle chainrings, including the Praxis Chainrings identified above, to persons for use in the United States.

47. Defendant Praxis offers to sell bicycle chainrings, including the Praxis Chainrings identified above, to persons for use in the United States.

48.     Defendant Praxis imports and/or otherwise provides bicycle chainrings, including the Praxis Chainrings identified above, to persons for use in the United States.

## COUNT I
**(Infringement of U.S. Patent No. 9,182,027 B2 by Defendant Praxis)**

49.     SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through __ of this Complaint.

50.     Defendant Praxis has infringed and continues to infringe the '027 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States systems that embody one or more of the claims of the '027 patent, including at least claims 7-12 and 20-26 of the '027 patent, and/or by contributing to infringement, inducing others to infringe the '027 patent, and/or carrying acts constituting infringement under 35 U.S.C. § 271(f).

51.     On information and belief, Defendant Praxis knew of SRAM's patent-pending technology relating to bicycle chainrings, including the application giving rise to the '027 patent, before the initiation of the present action and therefore Praxis's actions have been both willful and deliberate.

52.     Defendant Praxis has had knowledge of the '027 patent since at least the filing date of this Complaint.

53.     Defendant Praxis will continue to willfully infringe the '027 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

54.     As a direct and proximate result of the infringement by Defendant Praxis of the '027 patent, SRAM has been and continues to be damaged in an amount yet to be determined.

**REQUEST FOR RELIEF**

WHEREFORE, SRAM respectfully prays for judgment against Defendant Praxis as follows:

A. For a judgment holding Defendant Praxis liable for infringement of the '027 patent;

B. For an award of damages adequate to compensate SRAM for Defendant Praxis's infringement of the '027 patent, including treble damages and other damages allowed by 35 U.S.C. § 284;

C. For injunctive relief enjoining Defendant Praxis, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

 (i) from manufacturing any products falling within the scope of the claims of the '027 patent;

 (ii) from using any product falling within the scope of any of the claims of the '027 patent;

 (iii) from selling, offering to sell, licensing or purporting to license any product falling within the scope of any of the claims of the '027 patent;

 (iv) from importing any product into the United States which falls within the scope of the '027 patent;

 (v) from actively inducing others to infringe any of the claims of the '027 patent;

 (vi) from engaging in acts constituting contributory infringement of any of the claims of the '027 patent; and

 (vii) from all other acts of infringement of any of the claims of the '027 patent;

D. That Defendant Praxis be ordered to deliver up for destruction all infringing products in their possession;

E. That this be declared an exceptional case and that SRAM be awarded its attorneys' fees against Defendant Praxis pursuant to 35 U.S.C. § 285; and

F. For such further relief as this Court deems SRAM may be entitled to in law and in equity.

## JURY DEMAND

Plaintiff SRAM demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: December 17, 2015               Respectfully submitted,

                                       **REED SMITH LLP**

                                       By:   /s/ Robert E. Browne
                                              Robert E. Browne (No. 0321761)

                                       10 South Wacker Drive, 40th Floor
                                       Chicago, Illinois 60606-7507
                                       Telephone: (312) 207-2811
                                       Facsimile: (312) 207-6400

                                       and

                                       Richard B. Walsh, Jr. (No. 6187007)
                                       Michael J. Hickey (No. 6272404)
                                       **LEWIS RICE LLC**
                                       600 Washington Ave., Suite 2500
                                       St. Louis, Missouri 63101
                                       Telephone: (314) 444-7600
                                       Facsimile: 314) 241-6056

                                       Attorneys for Plaintiff SRAM, LLC